UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON M. BREEZEE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　Defendant. | Civil Action No. 23-3392 (BAH)<br><br>Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

This case arises out of the June 25, 1996, terrorist bombing of the Khobar Towers apartment complex in Dhahran, Saudi Arabia, which complex housed United States military personnel and contractors. On November 11, 2023, forty-nine plaintiffs, including eleven servicemembers injured in the bombing, nineteen of their immediate family members, and nineteen family members of servicemembers who were injured in the bombing and were previously awarded compensatory damages in other cases arising out of the Khobar Towers attack, filed this lawsuit against defendant the Islamic Republic of Iran, seeking compensatory and punitive damages for defendant's role in "orchestrating" the attack. Compl. ¶ 1, ECF No. 1. Service of the Complaint was effectuated, pursuant to 28 U.S.C. § 1608(a)(4), on May 7, 2024. Return of Service/Aff. of Summons & Compl. Executed, ECF No. 13 (U.S. Department of State certifying that the requirements for diplomatic service under Section 1608(a)(4) were satisfied). When defendant failed to appear, the Clerk's Office entered default, on July 9, 2024. Clerk's Entry of Default, ECF No. 15.

Subsequent to the Clerk's entry of default, plaintiffs, on September 27, 2024, filed an Amended Complaint adding two additional plaintiffs, Steven and Karen Kerr, with their new claims, to this case. Am. Compl., ECF No. 16. Plaintiffs then moved for the Court to take judicial

1

notice of prior cases arising out of the Khobar Towers bombing and for entry of default judgment as to defendant's liability and plaintiffs' damages, *see* Pls.' Mot. for Default J. & to Take Judicial Notice of Evid. in Prior Related Cases ("Pls.' Mot. for Default J."), ECF No. 20, which motion is supported by separately filed declarations and exhibits from each plaintiff, *see* ECF Nos. 21-45 (sealed versions); ECF Nos. 46-69 (redacted versions). Thereafter, plaintiffs sought expedited consideration of their motion for default judgment. Pls.' Mot. to Expedite, ECF No. 70.

For the reasons explained below, and on the Court's own motion, the Clerk's Entry of Default, ECF No. 15, is vacated, and plaintiffs' Motion for Default Judgment is denied, without prejudice to refile. Given this resolution, plaintiffs' Motion to Expedite, which seeks expedited consideration of their motion for default judgment, is denied as moot.

I.      DISCUSSION

Federal Rule of Civil Procedure 5 establishes the general rules in federal court for "Serving and Filing Pleadings and Other Papers" on other parties. This rule provides a service exception that pleadings and other court filings normally need not be served "on a party who is in default for failing to appear," but also makes clear when this service exception is inapplicable. FED. R. CIV. P. 5(a)(2). Specifically, when a pleading "asserts a new claim for relief against" a party in default, the pleading "must be served" on that party. *Id.* Pleadings that add new plaintiffs and their claims to a lawsuit, as the Amended Complaint did with Steven and Karen Kerr in this case, *compare* Compl., *with* Am. Compl. (the latter adding the Kerrs as plaintiffs), assert claims that were not previously part of the litigation and therefore render the service exception inapplicable, requiring service of such a pleading on a defendant in default. *See, e.g.*, *Portillo v. Smith Commons DC, LLC*, No. 20-cv-49 (RC), 2021 WL 3287741, at *3 (D.D.C. Aug. 2, 2021) ("While Rule 5(a)(2) does provide an exception under which no service is required on parties who are in default for

failing to appear, this exception does not apply when an amended pleading adds a new party to the action or asserts new claims for relief against the defaulting parties. . . . [W]hen new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a) of the Federal Rules of Civil Procedure.").

Whether Rule 5 applies to cases brought against a foreign sovereign pursuant to the Foreign Sovereign Immunities Act ("FSIA"), as here, *see* Am. Compl. at 3 (seeking "judgment against Defendant, the Islamic Republic of Iran, pursuant to the [FSIA], as amended, 28 U.S.C. § 1605A"), is unclear, since the FSIA contains specific rules for service of process on foreign states under 28 U.S.C. § 1608. *See, e.g.*, *Gates v. Syrian Arab Republic*, 646 F.3d 1, 6 (D.C. Cir. 2011) ("The FSIA provides special rules for service of process on foreign states and therefore the applicability of Rule 5(a)(2) in this context is dubious."); *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 106 (D.D.C. 2009) (Lamberth, C.J.) ("[I]t is not entirely clear whether Rule 5 should even apply in actions against foreign state sponsors of terrorism, as there are specific requirements governing service on a foreign state in [Section] 1608 of the FSIA."); *Strange v. Islamic Republic of Iran*, No. 14-cv-435 (CKK), 2016 WL 10770678, at *2-4 (D.D.C. May 6, 2016) (Kollar-Kotelly, J.) (applying Rule 5(a)(2) in an FSIA case to determine whether service of an amended pleading was required). Regardless, the same procedural fairness considerations underlying Rule 5(a)(2) have also been applied in determining whether service of an amended pleading is required under the FSIA's Section 1608.

Although Section 1608 does not establish "when service of an amended, rather than an initial, pleading is required," *Maalouf v. Islamic Republic of Iran*, No. 16-cv-280 (JDB), 2016 WL 11771416, at *1 (D.D.C. Sep. 8, 2016) (Bates, J.), service of an amended complaint is required under Section 1608 "when the changes to the original complaint are 'substantial,'" *id.* (citing

3

*Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 47 (D.D.C. 2013) (Lamberth, C.J.), and *Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) (Bates, J.)); *see also, e.g.*, *Strange*, 2016 WL 10770678, at *2-4; *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) (Friedman, J.); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) (Lamberth, J.). "The purpose of the complaint is to give notice to the defendant about 'who did what to whom, when, where, and why.'" *Maalouf*, 2016 WL 11771416, at *2 (quoting *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 154 (1st Cir. 2007)). "In the context of default judgments, the purpose of serving an amended complaint is to 'ensure[ ] that a party . . . is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served.'" *Id.* (alterations in original) (quoting *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008)). When additional plaintiffs are added to a case by an amended complaint, and that new complaint is never served on the defendant, "a concern arises that the defendant no longer has fair notice as to the number of claims against him and the scope of liability he is conceding by defaulting," unless the defendant has some other reason to be on notice about the claims added. *Id.* For these reasons, the addition of new plaintiffs or claims to a case through an amended complaint represents a substantial alteration of the complaint that requires service of the amended complaint on the foreign sovereign defendant. *See, e.g.*, *id.* (adding new plaintiffs is a substantial alteration); *Strange*, 2016 WL 10770678, at *2-4 (same with new claims). This logic is both sound and wholly consistent with the similar service requirement set out in Rule 5(a)(2).

In this case, after service of the original complaint and entry of default on that pleading, the Amended Complaint was filed, adding Steven and Karen Kerr as plaintiffs, *compare* Compl., *with* Am. Compl., with no prior notice of the Kerrs' claims provided to the defaulting defendant,

4

*see generally* Compl. Under the requirements of both Federal Rule of Civil Procedure 5(a)(2) and 28 U.S.C. § 1608, the addition of these new plaintiffs and their claims requires that plaintiffs' Amended Complaint be served on defendant. Plaintiffs' failure to demonstrate that service of the Amended Complaint has been effectuated requires the vacatur of the default entered before the filing of the Amended Complaint, as well as the denial of plaintiffs' pending Motion for Default Judgment and the corresponding denial as moot of plaintiffs' Motion to Expedite consideration of their motion for default judgment.

## II.  ORDER

Accordingly, it is hereby—

**ORDERED** that the Clerk's Entry of Default, ECF No. 15, is **VACATED**; it is further

**ORDERED** that plaintiffs' Motion for Default Judgment and to Take Judicial Notice of Evidence in Prior Related Cases, ECF No. 20, is **DENIED**, without prejudice to refile, given that plaintiffs have failed to establish that their Amended Complaint, ECF No. 16, which added new plaintiffs and their claims to this action, was served on defendant; and it is further

**ORDERED** that plaintiffs' Motion to Expedite, ECF No. 70, is **DENIED AS MOOT**.

**SO ORDERED**.

Date:  July 14, 2025

_____
**BERYL A. HOWELL**
United States District Judge